United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO GONZALEZ-BUENESTRO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Case No. 4:26-CV-06343** |
| | § | |
| **MARKWAYNE MULLIN, TODD BLANCHE, PATRICK CONTRERAS, EXECUTIVE OFFICE OF IMMIGRATION REVIEW (EOIR) and RANDY TATE,** | § | |
| | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

This case, like thousands of others filed in recent months, asks whether the writ of habeas corpus is available to a person who illegally entered the United States to secure release during the pendency of removal proceedings. The answer, in this case, is no.

Petitioner Alejandro Gonzalez-Buenestro is a citizen of Mexico who was taken into custody by Immigration and Customs Enforcement in July 2026. (Dkt. No. 1 at 11). Respondents are sued in their official capacities as officers or employees of the United States and are collectively referred to as "the Government."

Pending is a petition for a writ of habeas corpus, (Dkt. No. 1), by which Gonzalez-Buenestro challenges his detention without a bond hearing, (*id.* at 3). He asks that this Court "[i]ssue a writ of *habeas corpus* requiring that within one day, Respondents release Petitioner." (Dkt. No. 1 at 12).

Pending is also a motion from the Government for a stay in the proceedings, or, in the alternative, a motion for summary judgment. (Dkt. No. 4). The Government contends that Gonzalez-Buenestro is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), (Dkt. No. 4 at 1), and that Gonzalez-Buenestro's arguments concerning due process principles are meritless, (*id.* at 7).

The Court finds that Gonzalez-Buenestro is being held in accordance with the law. As such, his motion for a writ of habeas corpus is denied. The Government's motion for a stay of the proceedings is **DENIED** and its motion for summary judgment is **GRANTED**.

## I. BACKGROUND

Gonzalez-Buenestro is a citizen of Mexico who was detained by Immigration and Customs Enforcement (ICE) on July 28, 2026. (Dkt. No. 1 at 11). The Government represents that it is unaware of when or where Gonzalez-Buenestro entered the United States. (Dkt. No. 4-1 at 1). The Government admits Gonzalez-Buenestro is detained in ICE custody. (Dkt. No. 4 at 2). A Notice to Appear charging Gonzalez-Buenestro with being present in the United States without being admitted or paroled was served on Gonzalez-Buenestro on July 28, 2026. (Dkt. No. 4-1 at 1, 3).

Gonzalez-Buenestro filed his petition for a writ of habeas corpus on August 5, 2026. (Dkt. No. 1). He argues that his "mandatory detention violates his rights to due process." (Dkt. No. 1 at 12). Gonzalez-Buenestro argues that in "denying [him] a bond under [8 U.S.C.] § 1226(a) and asserting that he is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2), Respondents violate [his] constitutional due process rights." (Dkt.

No. 1 at 12). Ultimately, Gonzalez-Buenestro asks the Court to issue a writ requiring that he be released "within one day." (*Id.*).

The Government has responded. (Dkt. No. 4). The Government first requests that this Court hold the petition "in abeyance until there is a full resolution on rehearing in *Sosnava Rodriguez v. Ortega*, [180 F.4th 702 (5th Cir. 2026), *vacated by* 181 F.4th 608 (5th Cir. 2026)]." (Dkt. No. 4 at 1). Alternatively, the Government argues that the petition should be denied because "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." (*Id.*). The Government asserts this conclusion is "required under controlling precedent." (Dkt. No. 4 at 1). The Government further argues that "§ 1225(b)(2) as applied here does not violate due process." (*Id.* at 7).

A search of the ICE Online Detainee Locator System reveals that Gonzalez-Buenestro is detained at the Montgomery ICE Processing Center in Conroe, Texas. *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/odls/#/search (last visited Sep. 22, 2026). The facility is in Montgomery County, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(2).

## II. LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S.Ct. 2633, 2644, 159 L.Ed.2d 578 (2004). The writ "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.* A district court may grant a writ of habeas corpus if a petition shows that "he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A court . . . entertaining an application for a writ of habeas corpus shall … award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also* Fed. R. Civ. P. 56. This standard applies with equal force to habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).

## III. ANALYSIS

### A. THE STAY IN *SOSNAVA RODRIGUEZ v. ORTEGA*

Before reaching the merits of this case, the Court must determine whether the Fifth Circuit's order in *Sosnava Rodriguez v. Ortega*, 183 F.4th 387 (5th Cir. 2026), staying the underlying district court judgments pending rehearing en banc, precludes this Court from adjudicating the issues presented here. The Court concludes that it does not. *See also Diaz Fossi v. Warden*, No. 5:26-CV-00864, 2026 WL 2620573, at *2 (S.D. Tex. Sept. 4, 2026) (Kazen, J.) (concluding that the stay order in *Sosnava Rodriguez* did not preclude the district court from reaching the merits).

In *Sosnava Rodriguez*, the Fifth Circuit ordered that the "district court judgments" be stayed pending rehearing en banc. 183 F.4th at 388. The order does not direct district courts to stay proceedings in other cases, nor does it resolve the merits of the due-process issue presented here. *See id.* The Supreme Court has explained that interim orders are "not conclusive as to the merits," although they may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 606 U.S. ___, 145 S. Ct. 2653, 2654, 222 L.Ed.2d 1181 (2025). Consistent with that instruction, the Court gives the Fifth Circuit's stay order appropriate consideration but does not read it as precluding adjudication of this case. Accordingly, until the Fifth Circuit provides further guidance, the Court will proceed to address the merits of this case.

**B. EXHAUSTION OF REMEDIES**

Neither party addresses "the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144–45, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992). Exhaustion of remedies, however, is not required where they are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Here, Gonzalez-Buenestro has received a Notice to Appear, and is in the middle of the removal process. Gonzalez-Buenestro has not presented any evidence that he has challenged the charge that he is subject to removal or pursued any administrative remedies prior to filing this suit.

Nevertheless, in *Matter of Hurtado*, the Board of Immigration Appeals (BIA) issued a precedential decision holding that regardless of length of time in the United States, immigration judges lack authority to grant bond to aliens present in the United States without admission under 8 U.S.C. § 1225(b)(2)(A). 29 I. & N. Dec. 216, 225 (BIA 2025). The *Hurtado* decision was issued on September 5, 2025. There is no indication that the BIA is or would reconsider that decision. Even if Gonzalez-Buenestro were to appeal a future adverse removal order to the BIA, he challenges his present detention on constitutional grounds. Such a challenge falls outside the jurisdiction of the BIA. *Falek v. Gonzales*, 475 F.3d 285, 291 n.4 (5th Cir. 2007) (explaining that "there is no dispute that the BIA has no power to adjudicate constitutional claims").

Accordingly, requiring Gonzalez-Buenestro to pursue administrative remedies would be futile, and his failure to do so does not preclude consideration of the merits.

### C. GONZALEZ-BUENESTRO IS SUBJECT TO MANDATORY DETENTION UNDER SECTION 1225(b)(2)(A).

Gonzalez-Buenestro recognizes that in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit held that "noncitizens that enter without inspection are subject to mandatory detention." (Dkt. No. 1 at 2). That holding controls here.

Based on that binding authority, Gonzalez-Buenestro's detention is authorized by the plain language of the mandatory detention provision in 8 U.S.C. § 1225(b)(2). Among other things, Section 1225(b)(2)(A) states: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking

admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."

In *Buenrostro-Mendez*, the Fifth Circuit held that aliens like Gonzalez-Buenestro fall squarely within the ambit of Section 1225(b)(2). 166 F.4th at 498. The *Buenrostro-Mendez* decision involved two consolidated cases where the aliens both entered the United States illegally. *Id*. at 500. The aliens evaded immigration enforcement officials for many years. *Id*. When ICE encountered the aliens in 2025, they determined that each alien was present in the United States without having been admitted or paroled. *Id.* (citing 8 U.S.C. § 1182(a)(6)(A)(i)). The aliens were then detained under 8 U.S.C. § 1225(b)(2). *Id*. The Fifth Circuit held that the Government correctly applied the mandatory detention provision of 8 U.S.C. § 1225(b)(2) to the aliens because they were "applicants for admission," who were "seeking admission," and who were "not clearly and beyond a doubt entitled to be admitted" into the United States. *Id*. at 499, 506.

Gonzalez-Buenestro's case cannot be meaningfully distinguished from *Buenrostro-Mendez*. Gonzalez-Buenestro is an alien present in the United States who is being held for entering the country without being admitted or paroled. (Dkt. No. 4-1 at 1). An alien "present in the United States who has not been admitted," is by definition "an applicant for admission" who is "seeking admission." 8 U.S.C. §§ 1225(a)(1), (b)(2). Gonzalez-Buenestro was not entitled to be admitted into the country, and he makes no argument to the contrary. Therefore, he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

### D. THERE IS NO PROCEDURAL DUE PROCESS VIOLATION

Gonzalez-Buenestro acknowledges the holding in *Buenrostro-Mendez* forecloses an argument that the Government's interpretation of the statute is incorrect but nevertheless asserts that he "is being detained in violation of his constitutional right to procedural due process." (Dkt. No. 1 at 6). The Court disagrees.

With respect to procedural due process, Gonzalez-Buenestro argues that the three-factor balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), applies in this case, and when considered, "detaining the Petitioner without any individualized assessment of his flight risk and dangerousness deprives him of his constitutional right to procedural due process under the Fifth Amendment to the United States Constitution." (Dkt. No. 1 at 9). In essence, Gonzalez-Buenestro argues that in order to detain him under 8 U.S.C. § 1225(b)(2)(A), procedural due process requires a procedure, in this case a bond or individualized custody hearing, to determine questions such as potential flight risk or danger to the community. This is not so.

Gonzalez-Buenestro's contention is not supported by any language in the actual statute under which he is detained. The relevant statute, 8 U.S.C. § 1225(b)(2)(A), as discussed above, requires detention of those falling within the definition of "applicants for admission." The statute does not condition detention on a determination that an applicant for admission poses a flight risk or danger to the community. Such a determination, even if made in favor of Gonzalez-Buenestro, would not change the fact that applicants for admission like Gonzalez-Buenestro *must* be detained. An

individualized determination of a petitioner's flight risk or dangerousness is, in other words, irrelevant to the lawfulness of his or her detention under the statute.

The Supreme Court's decision in *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003), helps illustrate this point. *See Penafiel Clavijo v. Thompson*, No. 4:26-CV-01454, 2026 WL 923310, at *3 (S.D. Tex. Mar. 26, 2026) (explaining same).[1] There, a Connecticut statute required all sex offenders to register so that their information could be published on a state sex-offender registry. *Connecticut Dep't of Pub. Safety*, 538 U.S. at 4–5, 123 S.Ct. at 1163. The respondent, a convicted sex offender, argued that the law violated his procedural due process rights by denying him a hearing to determine whether he was "currently dangerous." *Id*. at 6, 123 S.Ct. at 1164. The Supreme Court rejected his argument. When asserting a right to a hearing under the Due Process Clause, a plaintiff must demonstrate that "the facts they seek to establish in that hearing are *relevant under the statutory scheme*." *Id*. at 8, 123 S.Ct. at 1165 (emphasis added). Whether the respondent was "currently dangerous" was a fact of "no consequence" under the Connecticut statute. *Id*. at 7, 123 S.Ct. at 1164. Similarly, the statute at issue here, Section 1225(b)(2)(A), mandates the detention of petitioners like Gonzalez-Buenestro without making detention turn on an individualized assessment of flight risk.

---

[1] Recently, Judge Eskridge of the Southern District of Texas reasoned that although the Fifth Circuit panel in *Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026), found the Government's reliance on *Connecticut Department of Public Safety* unconvincing, the pending rehearing *en banc* "means that the panel decision is currently 'of no precedential value.'" *Cruzata Rojas v. Frink*, No. 4:26-CV-04316, 2026 WL 2059108, at *2 (S.D. Tex. July 16, 2026) (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013)). The court therefore rejected the petitioner's due process claim notwithstanding the vacated panel decision.

*See* 8 U.S.C. § 1225(b)(2)(A). Thus, neither flight risk nor dangerousness is a fact of consequence under the applicable statutory scheme.[2]

The Supreme Court has likewise held that mandatory detention without an individualized bond hearing under another provision of the INA does not, during the limited period necessary for removal proceedings, violate due process. *See Demore v. Kim*, 538 U.S. 510, 526, 531, 123 S.Ct. 1708, 1717, 1721–22, 155 L. Ed. 2d 724 (2003). In *Demore*, the Court upheld mandatory detention under Section 1226(c), notwithstanding the absence of an individualized determination of dangerousness or flight risk, explaining that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531, 123 S.Ct. at 1721–22. Here, Section 1225(b)(2)(A) likewise *mandates* detention without making detention turn on an individualized custody determination concerning dangerousness or flight risk.

In sum, procedural due process doesn't require the sort of bond hearing or individualized custody determination Gonzalez-Buenestro seeks. This Court joins other courts in this district in so finding. *See, e.g.*, *Penafiel Clavijo*, 2026 WL 923310, at *3; *Avila v. Tate*, 4:25-CV-05919, Dkt. No. 9 at 2, slip op. (S.D. Tex. Feb. 13, 2026) (Hanen, J.) (rejecting the procedural due process claim as "precluded, at this juncture, by *Demore*");

---

[2] As discussed in *Connecticut Dep't of Pub. Safety*, "[u]nless respondent can show that a *substantive* rule of law is defective (by conflicting with a provision of the Constitution), any hearing on current dangerousness is a bootless exercise. It may be that respondent's claim is actually a substantive challenge to Connecticut's statute recast in procedural due process terms." 538 U.S. at 7–8, 123 S.Ct. 1164–65 (emphasis in original) (quoting *Reno v. Flores*, 507 U.S. 292, 308, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993)). But as discussed *infra* note 3, Gonzalez-Buenestro cannot succeed on a substantive due process claim.

*Jimenez v. Bradford*, 4:25-CV-05853, 2026 WL 922418, at *2 (S.D. Tex. Feb. 10, 2026) (Lake, J.) (same); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026) (Eskridge, J.) (same).[3]

## IV. CONCLUSION

There is no genuine issue as to any material fact in this case. As explained above, Respondents are entitled to judgment as a matter of law. Alejandro Gonzalez-Buenestro's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), is therefore **DENIED with prejudice**. The Respondents' Motion to Stay consideration of this petition, (Dkt. No. 4), is **DENIED**, and its alternative Motion for Summary Judgment, (*id.*), is **GRANTED**.

It is SO ORDERED.

Signed on September 25, 2026.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[3] Although not raised by Gonzalez-Buenestro, any substantive due process claim would likewise fail. The Supreme Court has recognized that "[d]etention during removal proceedings is a constitutionally permissible part of that process" and that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim,* 538 U.S. 510, 526, 531, 123 S.Ct. 1708, 1717, 1721–22, 155 L.Ed.2d 724 (2003). The Court agrees with others in this District that have applied that principle to detention under Section 1225(b)(2)(A). *See Penafiel Clavijo v. Thompson*, No. 4:26-CV-01454, 2026 WL 923310, at *3–4 (S.D. Tex. Mar. 26, 2026).